754 So.2d 190 (2000)
Mario VALLADARES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3045.
District Court of Appeal of Florida, Third District.
April 12, 2000.
*191 Mario Valladares, in proper person.
Robert A. Butterworth, Attorney General and Gary K. Milligan, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.

CONFESSION OF ERROR
By way of a timely motion for postconviction relief made pursuant to Florida Rule of Criminal Procedure 3.850, the appellant sought to have his sentence mitigated to six (6) months in the Dade County jail, as was allegedly agreed to by the appellant and the state. The trial court denied the motion without an evidentiary hearing.
On February 18, 1998 the appellant had entered a no contest plea to felony charges and was adjudicated guilty. The appellant thereafter requested that he be permitted to surrender two weeks later so that he could make custody arrangements for his children. The trial court granted the appellant's request by sentencing him to twenty-five (25) months in state prison with the understanding that when the appellant surrendered in two weeks, March 4, 1998, his sentence would be mitigated to six (6) months in the Dade County jail. The appellant did not surrender on March 4, 1998, and therefore the lower court left the twenty-five month state prison sentence unaltered.
The appellant filed a motion for postconviction relief claiming that he did not willfully fail to meet the condition necessary for mitigation of his sentence. Rather, the appellant claims that he was in the custody of the Hendry County Department of Corrections on felony charges which were committed prior to his plea agreement on the Dade County charges.
In Johnson v. State, 501 So.2d 158, 160-61 (Fla. 3d DCA 1987), we held that if a defendant's failure to appear for sentencing pursuant to the terms of his/her plea agreement was not willful (e.g. due to incarceration on other charges), then he/she is arguably entitled to the bargained for mitigation of his/her sentence.
Here, the record does not conclusively refute the appellant's claim that his failure to appear on March 4, 1998 in Dade County was not willful. Thus, the state has properly confessed error and requests that this matter be remanded to the trial court for an evidentiary hearing on the issue of the appellant's willfulness. We agree and remand this case with directions that the lower court hold an evidentiary hearing to determine whether the appellant's failure to appear at his scheduled sentencing was willful.
Remanded with directions.