PER CURIAM.
Terrace C. Clemons appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He contends that he is entitled to have his sentence of five years imprisonment set aside and a five month jail sentence imposed in lieu thereof, pursuant to the terms of his original plea agreement.
In his 3.850 motion, appellant alleged that he entered a guilty plea to possession of cocaine upon a plea agreement that he would receive five months in the Palm Beach county jail. He requested a furlough pending sentencing and the trial court granted it upon the condition that appellant appear as scheduled for sentencing and not get arrested for any new charges. While on furlough, appellant was arrested for possession of marijuana. He appeared for sentencing as scheduled but was sentenced to five years in prison because of the new charge. Appellant complains that he was not afforded an opportunity to explain the circumstances surrounding the later arrest and that the trial court made no findings as to why he should not be sentenced according to the terms of his plea agreement.
Because we have no record attachments concerning the circumstances of appellant’s new arrest or the trial court’s findings regarding his loss of entitlement to the bargained-for sentence, we remand for attachments of portions of the record or an evidentiary hearing on these issues. See Buell v. State, 704 So.2d 552 (Fla. 4th DCA 1997); Green v. State, 680 So.2d 1072 (Fla. 4th DCA 1996); Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985).
REVERSED and REMANDED.
FARMER, GROSS and TAYLOR, JJ., concur.