857 So.2d 955 (2003)
William RINDERER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2450.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
*956 William Rinderer, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure Rule 3.800(a). In his motion, he requested the court to conform the written sentencing order to its oral pronouncement of sentence. To his motion, he attached a transcript of his sentencing hearing that revealed that the court did not orally impose a mandatory minimum term. The trial court denied the motion. We reverse and remand.
We agree that a claimed discrepancy between a written sentencing order and the court's oral pronouncement of sentence is not cognizable in a rule 3.800(a) motion. It must be alleged in a timely motion under Florida Rule of Criminal Procedure 3.850. See Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998) citing Gardner v. State, 707 So.2d 945 (Fla. 4th DCA 1998). However, the instant motion was sworn and filed within two years of *957 the mandate's issuance in the direct appeal and thus complied with the requirements of rule 3.850.
The general rule is that when there is a discrepancy between the written sentence and the oral pronouncement, the oral pronouncement prevails. See, e.g., Broomfield v. State, 698 So.2d 932 (Fla. 4th DCA 1997). The State argues that there was no discrepancy between the oral pronouncement of sentence and the written sentencing order because the trial court orally pronounced the defendant's sentence as a habitual violent felony offender. However, a defendant's status as a habitual violent felony offender does not necessarily carry with it the imposition of a mandatory minimum sentence.
The trial court's discretion to sentence a defendant as a habitual violent felony offender extends to its decision on whether to impose a mandatory minimum term. See State v. Hudson, 698 So.2d 831 (Fla.1997). Therefore, the court's pronouncement of his sentence did not automatically indicate the imposition of a mandatory minimum term.
The defendant's claim, although improperly labeled as a 3.800 motion, was facially sufficient and cognizable under rule 3.850. The trial court had the discretion to consider it under that rule. DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981). Accordingly, we reverse the order of denial and remand the case for further consideration of the motion as if filed pursuant to rule 3.850.
REVERSED and REMANDED.
WARNER, STEVENSON and MAY, JJ., concur.