870 So.2d 77 (2003)
Calvin McQUEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1697.
District Court of Appeal of Florida, Second District.
November 14, 2003.
DAVIS, Judge.
Calvin McQueen appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand to the trial court.
*78 Following McQueen's arrest, the State filed a two count information. Approximately seventeen months later, the State filed an amended information which added count three. McQueen then entered a plea to counts one and three, and the State nolle prossed count two. Upon sentencing, the trial court awarded McQueen the 526 days that he had been in custody as credit on count one; however, the court only awarded 13 days' credit on count three.
In his postconviction motion, McQueen claimed that he was entitled to the same amount of jail credit on both counts one and three of the amended information. The trial court summarily denied the motion, finding that McQueen was not in custody for the conduct alleged in count three until that count was added by the filing of the amended information. McQueen, however, contended that count three was a lesser included offense of count two of the original information and that the same facts and discovery evidence led to both charges. Accordingly, McQueen argued that he was in custody for the acts alleged in count three from the time of his original arrest.
Because the record before us does not refute McQueen's claim, we reverse and remand. On remand, the trial court shall either correct McQueen's sentence by awarding him the additional jail credit on count three or attach portions of the record conclusively refuting his claim.
Reversed and remanded.
FULMER and KELLY, JJ., concur.