946 So.2d 565 (2006)
Ceasar ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3327.
District Court of Appeal of Florida, Second District.
December 13, 2006.
*566 DAVIS, Judge.
Ceasar Robinson appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because the postconviction court failed to conclusively refute Robinson's ineffective assistance of counsel claim, we reverse the postconviction court's order.
In circuit court case CF04-003765-XX, Robinson entered a no contest plea pursuant to a negotiated plea agreement with the State to driving while license suspended or revoked (habitual traffic offender). The written plea agreement signed by Robinson included a cap of six months' county jail to be followed by twenty-four months' probation. The trial court deferred sentencing until February 24, 2005.
However, Robinson failed to appear at the February 24, 2005, sentencing hearing, and the trial court issued a "no bond capias." On May 21, 2005, Robinson was arrested. On June 9, 2005, the trial court sentenced Robinson to five years' prison. This court affirmed the judgment and sentence. See Robinson v. State, 926 So.2d 1284 (Fla. 2d DCA 2006) (table decision).
In his rule 3.850 motion, Robinson alleged counsel was ineffective for failing to object and failing to file a motion to withdraw plea when the trial court sentenced Robinson to five years' prison in violation of the plea agreement. He alleged that on February 24, 2005, the date he was ordered to return before the trial court for sentencing, he contacted his counsel and advised him that he was going to be late to the sentencing hearing because he had a flat tire. Robinson further alleged that even if his timely appearance for the sentencing hearing was part of the negotiated plea agreement, nothing in the record demonstrates that Robinson's late arrival was willful. Robinson relied on Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985), Johnson v. State, 501 So.2d 158, 160-61 (Fla. 3d DCA 1987), Green v. State, 680 So.2d 1072 (Fla. 4th DCA 1996), and Valladares v. State, 754 So.2d 190, 191 (Fla. 3d DCA 2000), to support his claim. Lastly, he alleged that if he would have known that his negotiated sentence would be increased, he would have taken his chances at trial.
The postconviction court denied the claim, finding that Robinson signed a written plea form containing the provision, "I understand that if I fail to timely appear for my pre-[s]entence [i]nvestigation interview or [s]entencing that my plea will stand but the sentencing agreement is void and I may then receive the maximum sentence authorized by law." The postconviction court further found that Robinson admitted in his motion that he knew the terms of the plea, that he entered the plea freely and voluntarily, that he signed the plea form, that he fully understood the plea, and that he understood that the maximum penalty was five years' prison. Therefore, the postconviction court found that counsel was not ineffective for failing to object to the increased sentence or for failing to file a motion to withdraw Robinson's plea.
*567 "[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence." Johnson, 501 So.2d at 160-61. If the trial court failed to make a finding that Robinson willfully violated the plea agreement by failing to appear at the February 24, 2005, sentencing hearing, Robinson may be entitled to relief on his ineffective assistance of counsel claim. The limited record before this court does not indicate whether the trial court made a finding that Robinson willfully violated the terms of the plea agreement by failing to timely appear for the February 24, 2005, sentencing hearing. Accordingly, we reverse the postconviction court's denial order. On remand, the postconviction court shall either attach additional record evidence conclusively refuting Robinson's claim or hold an evidentiary hearing.
Reversed and remanded.
STRINGER and VILLANTI, JJ., Concur.