951 So.2d 74 (2007)
Carlisle BRELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5766.
District Court of Appeal of Florida, First District.
March 12, 2007.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal challenges the sentences imposed following *75 his pleas of guilty to various offenses. He argues that the trial court erred by finding that he failed to comply with a specific condition of his negotiated plea agreement. We agree, vacate the appellant's sentences (which are greater than those which could have been imposed under the plea agreement had there been no finding of noncompliance), and remand this case to the trial court.
The appellant's negotiated plea agreement provided that he would enter a plea of guilty and would receive a sentence of up to fifteen years in prison if he appeared for all required court dates, but that he could receive any lawful sentence up to thirty years in prison, including a fifteen-year mandatory minimum term, if he did not. The trial court accepted the plea and passed the case for sentencing. The appellant appeared at neither his initial sentencing nor at a number of subsequently scheduled hearings. When he finally did appear, the prosecutor contended that he was in violation of his plea agreement and recommended a prison sentence of twenty years, including the fifteen-year mandatory minimum term. The appellant countered that his absences were not willful and thus did not constitute a violation of the agreement. Without conducting an evidentiary hearing on the matter, the trial court imposed the sentence recommended by the prosecutor.
"[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence." Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987); accord Robinson v. State, 946 So.2d 565 (Fla. 2d DCA 2006). There is insufficient record evidence in this case that the appellant acted willfully when he failed to appear for sentencing. Had the trial court conducted an evidentiary hearing on the matter, perhaps sufficient evidence of willfulness would have been revealed. As it stands now, however, the trial court's finding that the appellant failed to substantially comply with the terms of his negotiated plea agreement lacks record support.
The appellant's sentences are accordingly vacated and this case is remanded.
KAHN and DAVIS, JJ., concur.