970 So.2d 484 (2007)
Randy REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1970.
District Court of Appeal of Florida, Second District.
December 14, 2007.
VILLANTI, Judge.
Randy Reaves appeals the postconviction court's order on his motion to accredit jail time filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
Reaves was arrested for possession of a controlled substance (count two) and driving while license suspended or revoked (count three) on August 29, 2003. He was not arrested for sale or delivery of cocaine (count one) until September 26, 2003, although this offense also took place on August 29, 2003.
In his motion, Reaves claims that he is entitled to a total of 511 days' jail credit. The postconviction court granted the motion but determined that he was only entitled to 406 days for count one, 433 days for count two, and 312 days for count three. It appears that each count of Reaves' sentence stems from the original police stop and investigation conducted on August 29, 2003. The sale and delivery count was later added as evidenced by an arrest on September 26, 2003. However, all three counts were disposed of under the same case number. Reaves alleges he remained *485 in jail continuously from August 29, 2003, until the February 4, 2004, sentencing hearing for acts alleged from the original police stop and investigation.
Because the record does not conclusively refute Reaves' claim that he was in custody continuously on counts that stem from the same stop and police investigation, we reverse and remand. See McQueen v. State, 870 So.2d 77 (Fla. 2d DCA 2003). Also, because Reaves' "claim for jail credit involves a disputed issue of fact and he filed his sworn motion within two years of his . . . sentence becoming final, the postconviction court should have treated his motion as filed pursuant to rule 3.850." Richie v. State, 959 So.2d 433, 434 (Fla. 2d DCA 2007); see also Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003) (observing that the postconviction court has discretion to consider a sworn and facially sufficient motion under rule 3.850 even if improperly labeled as a rule 3.800 motion).
Accordingly, on remand the postconviction court shall attach portions of the record that conclusively refute Reaves' claim or, if necessary, hold an evidentiary hearing. Reaves appears to be scheduled for release in July 2008; therefore, his motion should receive immediate attention because any additional jail credit might prompt an earlier release.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.