978 So.2d 872 (2008)
Manuel L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4830.
District Court of Appeal of Florida, Second District.
April 11, 2008.
DAVIS, Judge.
Manuel Johnson appeals the postconviction court's denial of his motion to accredit jail time filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
On December 13, 2006, Johnson was arrested for possession of marijuana with intent to sell or deliver (count two), possession of drug paraphernalia (count three), possession of cocaine with intent to sell or deliver (count four), burglary of an occupied structure (count five), and driving without a valid driver's license (count six). On January 19, 2007, a capias was issued to arrest Johnson for the offense of possession of a firearm by a person under age twenty-four previously adjudicated delinquent (count one). Johnson was arrested on that charge on January 22, 2007. Upon sentencing, Johnson was awarded 223 days of jail credit on counts two through six; however, he was awarded only 183 days of credit on count one.
In his motion, Johnson claims that he is entitled to a total of 223 days' jail credit on each count. The postconviction court denied Johnson's motion, finding that he received the proper amount of credit based on the later arrest date on count one. However, the postconviction court erred when it denied the motion on that basis.
From our review of the limited attachments to the postconviction court's order, it appears that each count stems from the same criminal episode for which Johnson was originally arrested on December 13, 2006. All six counts were disposed of under the same case number: Johnson was sentenced to concurrent terms of twenty-four months' imprisonment for counts one, two, and four and to time served on counts three, five, and six. Johnson claims that he remained in jail continuously from December 13, 2006, until sentencing on July 24, 2007. The records attached to the postconviction court's order do not refute Johnson's claim that he is entitled to the same amount of jail time credit for each count. See McQueen v. State, 870 So.2d 77 (Fla. 2d DCA 2003).
Because the record before this court does not refute Johnson's claim, we reverse and remand. On remand, the trial court shall either correct Johnson's sentence by awarding him the additional jail *873 credit on count one or attach portions of the record conclusively refuting his claim.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.