COPE, J.
This is an appeal of a sentencing order entered for violation of a substantial assistance agreement. We remand for further proceedings.
Defendant-appellant Elieser Roque was charged with trafficking in marijuana in excess of twenty-five pounds. He entered into a substantial assistance agreement with the State, which was accepted by the court. He was adjudicated guilty, with sentencing to be deferred.
Several months later, the defendant failed to appear at a court hearing and an alias capias was issued. The defendant was picked up after two and one-half months on the alias capias.
At the next court proceeding, the State requested that the defendant be sentenced to incarceration under the substantial assistance agreement. The trial court asked defense counsel what was the defendant’s excuse for failure to appear. Counsel replied that he had not had an opportunity to find out why the defendant missed court, because that court hearing was the first time counsel had been in contact with him. Counsel requested that the case be put over to the following week so that counsel could confer with his client. The trial court denied the request and sentenced the defendant to thirty-years incarceration. This appeal followed.
As the trial court’s request for an explanation recognized, “where timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose *190 some greater sentence.” Johnson v. State, 501 So.2d 158, 160-61 (Fla. 3d DCA 1987); accord Orange v. State, 983 So.2d 4 (Fla. 3d DCA 2007) (following Johnson); Breland v. State, 951 So.2d 74, 75 (Fla. 1st DCA 2007) (same); Robinson v. State, 946 So.2d 565, 566 (Fla. 2d DCA 2006) (same). While the trial court was not obligated to grant a one-week continuance, it should have granted at least a brief continuance or recess so that trial counsel could confer with his client and determine if there was any legally sufficient excuse for the failure to appear.
The defendant maintains that in this situation, the trial court must automatically convene an evidentiary hearing to take evidence regarding the reason that the defendant failed to appear. We disagree with that part of the defendant’s argument. The State had already established that the defendant failed to appear. The burden then shifted to the defendant to come forward with a legally sufficient excuse for failure to appear. If he does, and if there is a material factual dispute regarding the circumstances, then an eviden-tiary hearing would be required.
The State argues that the issue is not preserved for appellate review. As we read the transcript, we do not think defense counsel conceded the issue. Counsel conceded only that a failure to appear can be a valid legal basis for finding a violation of this substantial assistance agreement. When the transcript is read in full context, defense counsel made clear that he had not yet met with his client and needed an opportunity to do so. We therefore remand the matter to the trial court for a new hearing at which the defendant will have an opportunity to address the reason for his failure to appear. If no legally sufficient excuse is offered, the court may reimpose the same sentence.
The defendant makes one other claim of error. In earlier proceedings, counsel for the defendant had filed a motion to withdraw his plea. At the hearing below, the trial court indicated that it would not rule on the motion to withdraw plea. The court may have later decided that a ruling was called for, because the court minutes contained a notation that the motion was denied. In any event, there is no written order denying the motion. On remand, the defendant may request a ruling on the motion to withdraw plea. Since that matter should be considered in the first instance by the trial court, we express no opinion on the merits of the motion.
For the stated reasons, the sentencing order is reversed and the cause remanded for further proceedings consistent herewith.