CASANUEVA, Judge.
 

 Eduardo Garcia appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of his ineffective assistance of counsel claim without comment. However, we reverse and remand for the postconviction court to hold an evidential^ hearing on Mr. Garcia’s facially sufficient claim concerning the sentence the trial court ultimately imposed after Mr. Garcia failed to appear for his originally scheduled sentencing. The postconviction court erred in summarily denying Mr. Garcia’s claim that his failure to appear was not willful and therefore, that he should be entitled to receive the mitigated sentence for which he had bargained.
 

 Pursuant to a plea agreement Mr. Garcia pleaded nolo contendere to trafficking in cocaine, and the State nolle prossed two other charges. The plea agreement called for a thirty-year sentence, twenty-three years of which would be suspended upon Mr. Garcia’s surrender on March 30, 2006; Mr. Garcia would then serve a seven-year minimum mandatory sentence. Mr. Garcia failed to appear on March 30 and again on April 11, 2006. In Mr. Garcia’s absence, the trial court issued an order of execution of the original thirty-year sentence. Ultimately, Mr. Garcia surrendered himself in May 2006 and thereafter began serving the sentence.
 

 In his postconviction motion, Mr. Garcia claimed that while he was on presentence furlough, he and his wife traveled to Mexico on business where he was abducted and held for ransom until he was reunited with his family on May 13, 2006. The next day, he turned himself in to the United States Border Patrol. Thus, Mr. Garcia asserted that his failure to appear on March 30, 2006, was not willful and he was entitled to receive the seven-year sentence for which he had bargained. Mr. Garcia was not given an opportunity to explain his failure to appear, nor did the trial court make any findings on the willful nature of his violation of the furlough agreement.
 

 After receiving the State’s response, the postconviction court summarily denied this claim by incorporating the State’s factual assertions and legal authority into its order. We disagree with the State’s contention, adopted by the postcon-viction court, that this claim was not cognizable because Mr. Garcia entered a plea. A claim that a defendant did not willfully fail to meet the conditions necessary for mitigation of his sentence is cognizable in the postconviction context even if the de
 
 *689
 
 fendant entered a plea.
 
 See Valladares v. State,
 
 754 So.2d 190, 191 (Fla. 3d DCA 2000). “ ‘[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.’”
 
 Robinson v. State,
 
 946 So.2d 565, 567 (Fla. 2d DCA 2006) (quoting
 
 Johnson v. State,
 
 501 So.2d 158, 160-61 (Fla. 3d DCA 1987));
 
 Breland v. State,
 
 951 So.2d 74, 75 (Fla. 1st DCA 2007);
 
 Lee v. State,
 
 471 So.2d 195, 195 (Fla. 4th DCA 1985). Therefore, if Mr. Garcia’s failure to appear is found to be non-willful, he would be entitled to the bargained-for mitigation of his sentence.
 
 See Johnson,
 
 501 So.2d at 161.
 

 Nothing in the record refutes Mr. Garcia’s claim that the trial court imposed the harsher sentence without making a finding that his failure to appear was willful. Nor does anything from the record directly contradict Mr. Garcia’s assertion that he failed to appear because he was abducted. Therefore, the postconviction court erred in denying Mr. Garcia’s motion without an evidentiary hearing, and we reverse and remand for it to do so.
 
 See Valladares,
 
 754 So.2d at 191.
 

 Affirmed in part; reversed in part; remanded with directions.
 

 WHATLEY and WALLACE, JJ., Concur.