CRENSHAW, Judge.
 

 Carol Thompson appeals the summary denial of her motion for postconviction re
 
 *749
 
 lief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
 

 Thompson pleaded guilty to driving with a suspended license, driving under the influence, and possession of methamphetamine. Her plea agreement called for a total sentence of eighteen months in prison. Paragraph 21 of the plea agreement states, “I understand that if I fail to timely appear for my Pre-Sentence Investigation interview or Sentencing that my plea will stand but the sentencing agreement is void and I may then receive the maximum sentence authorized by law.”
 

 Sentencing was set for June 9, 2006. On that day Thompson was present in the courthouse but she was not at the right courtroom when her case was called. The trial judge entered a capias but withdrew it the same day. Sentencing was reset for June 29. On that day, she arrived at 11 a.m., two and a half hours late. She was taken into custody and sentencing was reset for July 14.
 

 At the July 14 sentencing hearing, she explained why she had been late to court on June 9 and 29. She explained that on June 29, she had arranged for her cousin to drive her to court, but her cousin had to rush to the hospital that morning for a medical emergency involving Thompson’s grandmother. Thompson had to arrange for alternative transportation at the last minute and had to make arrangements for her two children. Thompson’s attorney explained that Thompson was scheduled to be in court at 8:30. She had arrived at the end of the court session, and the judge had elected to have her taken into custody.
 

 After hearing Thompson’s explanation for her late appearances, the court announced that due to Thompson’s having failed to timely appear, the sentencing agreement was void pursuant to paragraph 21 of the plea agreement and she could receive whatever the law allowed. The court then proceeded to impose a total sentence of five years in prison. There was no objection raised by Thompson’s attorney to the sentence imposed.
 

 In her motion for postconviction relief, Thompson claimed, among other things, that her sentence was illegal because her late arrival to court was caused by circumstances beyond her control, and therefore the breach of the plea agreement was legally excused. Thompson claimed that she received ineffective assistance of counsel because her attorney failed to argue Florida law on the legal effect of her late arrival due to circumstances beyond her control. In an amendment to her motion, Thompson attached an affidavit of Patricia Gastrock, in which Gastrock attests that she had agreed to drive Thompson to her sentencing hearing on June 29, 2006, but that morning she left Thompson without a ride.
 

 In denying the motion, the postconviction court found that the sentence was not contrary to the law because the plea agreement did not note any exceptions for arriving late due to circumstances beyond the defendant’s control. The court also found that counsel was not ineffective because he, in fact, had argued that her tardiness was due to circumstances beyond her control.
 

 The sentencing transcript indicates that the trial court applied a strict interpretation to the provision of the plea agreement requiring timely appearance for sentencing. Even though there was no evidence before the court that Thompson’s tardiness was willful, Thompson’s counsel did not object to the trial court’s conclusion that Thompson had breached the plea agreement. Nor did Thompson’s counsel argue that a finding of willfulness was required before the court could apply paragraph 21
 
 *750
 
 of the plea agreement and disregard the agreed-upon sentence.
 

 In
 
 Robinson v. State,
 
 946 So.2d 565 (Fla. 2d DCA 2006), this court reversed the denial of a claim of ineffective assistance of counsel under similar circumstances. We explained that non-willful failure to appear for sentencing will not vitiate a plea agreement. “ ‘[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.’ ” 946 So.2d at 567 (quoting
 
 Johnson v. State,
 
 501 So.2d 158, 160-61 (Fla. 3d DCA 1987)).
 

 Applying
 
 Robinson
 
 here leads to the conclusion that Thompson pleaded a prima facie case of ineffective assistance of counsel in alleging that counsel failed to make the appropriate legal objection to the sentence imposed, where there was no finding and no evidence to support a finding that Thompson willfully breached the plea agreement. The postconviction court was required to conduct an evidentiary hearing on this claim.
 

 In all other respects, we affirm the denial of Thompson’s motion.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 FULMER and KHOUZAM, JJ„ Concur.