PER CURIAM.
 

 Appellant Kevin H. Kennedy appeals the trial court’s summary denial of his Rule 3.800(a) motion in which he alleges that one of four sentences he received is illegal because it exceeds the statutory maximum. He also alleges that he did not receive the correct amount of jail credit. It appears from the record that the sentence about which Kennedy complains is the result of a scrivener’s error, which should be corrected. As to Kennedy’s jail credit claim, it appears that Kennedy may not have received the appropriate amount of jail credit, and the trial court’s denial of this claim was erroneous.
 

 On July 2, 2007, Kennedy entered pleas in four different cases. He admitted a violation of probation in Case No. 2006-CF-772 and was sentenced to eight years in the Department of Corrections for burglary of a dwelling, a second-degree felony (Count I) and five years for organized fraud, a third-degree felony (Count II). These sentences were imposed concurrently with one another and with his sentences in Case Nos. 2007-CF-117, 2007-CF-567 and 2007-CF-581. Case No. 2007-CF-117 contained identical counts, but the counts were transposed; that is, the organized fraud charge was stated as Count I and the burglary charge was stated as Count II. However, the written judgment and sentence matches that rendered in case no. 2006-CF-772; that is, an eight-year sentence on Count I and a five-year sentence on Count II. Kennedy received a one day jail credit in this case.
 
 [1]
 

 The trial court denied Kennedy’s Rule 3.800 motion, erroneously stating that in Case No. 2007-CF-117, Kennedy had been sentenced to five years on Count I (Organized Fraud) and eight years on Count II (Burglary). Additionally, as to jail credit, the court said that Kennedy was not entitled to duplicate credit and referred to forms provided by Citrus County that it attached to the order.
 

 On appeal, the State agrees that the sentence duration is the result of a scrivener’s error that should be corrected. Given the inconsistencies in the written judgment and sentence, the recitation of facts in the court’s order, the records of the Citrus County Clerk of Court and the DOC records, this issue requires clarification or correction.
 

 As to Kennedy’s claim of additional jail credit, the State contends that Kennedy was in custody on unrelated charges during the time for which he seeks additional credit and, in any event, he received concurrent sentences and is not entitled to duplicate credit.
 

 
 *779
 
 Kennedy agrees that as to Count I, organized fraud, he was arrested on January 24, and released on his own recognizance the next day, so he is only entitled to one day of credit on that count. Kennedy also agrees that he was arrested on April 30, 2007, for unrelated new offenses; however he claims that he was charged with burglary in an amended information that was filed on May 23, 2007, while he was in custody. He alleges the Citrus County “time-served form” for Case No. 2007-CF-117 does not reflect him as being in custody because the State did not notify the jail that it was amending the information on May 23, 2007, to reflect the filing of the additional count of burglary against him. Kennedy alleges that he is entitled to jail credit from the date of the filing of the amended information on May 23, 2007, to the July 2, 2007, sentencing date, which is forty days credit for time served on Count II.
 

 To refute Kennedy’s claim that he is entitled to additional credit, the trial court attached to its order Citrus County Detention Facility “credit for time-served” forms, which reflect that in Case No. 2007-CF-117, Kennedy served one day from January 24, 2007, until January 25, 2007. The court also attached “credit for time-served” forms for Kennedy’s other cases, which reflect that he was incarcerated on other charges at various times from July 8, 2006, until his sentencing date of July 2, 2007, which, in the aggregate, total 155 days.
 

 The docket sheet attached to Kennedy’s motion shows that the amended information adding the burglary charge was filed on May 23, 2007, and that Kennedy was arraigned on this new charge on June 6, 2007. Therefore, it appears Kennedy was in custody on the burglary charge from the date the amended information was filed and would be entitled to credit from that date until he was sentenced on July 2, 2007.
 
 McQueen v. State,
 
 870 So.2d 77 (Fla. 2d DCA 2003).
 

 We accordingly reverse and remand for a determination on the scrivener’s error and/or resentencing on Count I, and for award of additional forty days credit for time served on Count II, or attachment of records sufficient to demonstrate lack of entitlement to the credit.
 

 REVERSED and REMANDED.
 

 GRIFFIN, ORFINGER and COHEN, JJ., concur.
 

 [1]
 

 . In Case No. 2007-CF-567, Kennedy was sentenced to five years in the Department of Corrections for Possession of Cocaine and in Case No. 2007-CF-581, he was sentenced to five years in the Department of Corrections; for Burglary of a Conveyance (Count I) and five years in the Department of Corrections for Grand Theft (Count II). Kennedy received credit for time served on each of his cases, which was a different number of days in each case.