PER CURIAM.
Jose Bernard Garcia appeals the summary denial of his rule 3.850 motion. See Fla. R. Crim. P. 3.850. Because two interrelated claims are not refuted by the record, we reverse in part, but affirm the remaining grounds without comment.
Garcia entered a negotiated plea in six separate cases. The combined sentence totaled forty years and included a provision that Garcia would be given a six-day furlough. Upon timely return, per the plea agreement, his sentences would be *443 mitigated to concurrent five-year sentences for a total of five years imprisonment. When Garcia did not appear at the predetermined mitigation hearing, the forty-year sentence was not reduced.
Garcia alleges that on the day he was to turn himself in, he overslept due to a power outage. He did not have his own transportation and relied upon a public bus to take him to the courthouse where he arrived between 11:00-11:30 a.m. His hearing was at 8:30 a.m. Garcia thereafter attempted to turn himself in to the county jail where he was told it could not accept him because they had no record of a warrant issued for his arrest. Garcia informed counsel of such.
In this postconviction motion, the claims which merit discussion are Garcia’s assertions that counsel was ineffective in not moving to withdraw his plea and in failing to move for a court hearing to determine whether his failure to appear was willful. Had counsel sought a hearing on the matter, the court would have determined whether Garcia willfully failed to appear (which would have justified the forty-year sentence); or, if the court determined the failure to appear was not willful, he would have received the benefit of the plea bargain (five-year sentence). Garcia correctly points out that his counsel’s failure to file a motion to withdraw the plea, the issue was not preserved for direct appeal.[1] See Fla. R. Crim. P. 3.170(0.
In Clemons v. State, 111 So.2d 1169, 1170 (Fla. 4th DCA 2001), this Court reversed the summary denial of a rule 3.850 motion where the defendant contended that he was entitled to the terms of his original plea agreement. During a furlough, he was arrested on a new charge, which violated the terms of his plea. Id. He complained that he was not given a chance to explain the circumstances of his arrest and that the trial court made no findings as to why he should not be sentenced according to the original terms of the agreement. Id. Where no findings were made by the court, we reversed for record attachments refuting the claim or an evidentiary hearing on the matter. Id.; see also Garcia v. State, 10 So.3d 687, 688-89 (Fla. 2d DCA 2009) (“A claim that a defendant did not willfully fail to meet the conditions necessary for mitigation of his sentence is cognizable in the postconviction context even if the defendant entered a plea.”). “[Wjhere timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.” Robinson v. State, 946 So.2d 565, 567 (Fla. 2d DCA 2006) (quoting Johnson v. State, 501 So.2d 158, 160-61 (Fla. 3d DCA 1987)) (internal quotation marks omitted).
Because the record on appeal does not show that the trial court made a finding that Garcia’s failure to appear was willful, which would have justified the additional thirty-five years in prison, and his claims of ineffectiveness are not refuted by the record, we reverse and remand for the court to hold an evidentiary hearing on his claims or to attach portions of the record refuting them.

Reversed and remanded.

TAYLOR, MAY and CONNER, JJ„ concur.

. Underscoring this point is that on direct appeal of his judgment and sentence, the Public Defender’s Office filed an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), brief where it argued that Garcia would potentially be entitled to postconviction relief under Robinson v. State, 946 So.2d 565, 566 (Fla. 2d DCA 2006).