DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ALI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-3065

[April 26, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 17-014750-CF10A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Michael Ali ("Defendant"), appeals the trial court's order summarily denying his motion requesting a hearing for the trial court to determine whether his failure to timely appear to surrender himself under the terms of his plea agreement and sentence was willful. We agree with Defendant's request to address his motion under Florida Rule of Criminal Procedure 3.850, determine the trial court erred in summarily denying the motion, and remand for the trial court to expeditiously reconsider Defendant's motion.

The trial court accepted Defendant's admission to a violation of probation and sentenced Defendant pursuant to a plea agreement with the State. Because Defendant requested a furlough before he began serving his sentence, the trial court structured Defendant's sentence so that he was ordered to serve five years in prison, but his sentence would mitigate to thirty months if he timely surrendered in court on September 19, 2022, at 9:00 a.m. Defendant failed to appear at the ordered date and time.

Several hours later, Defendant filed a motion explaining that his failure to timely appear was due to circumstances beyond his control. He averred that he was the passenger in a car on his way to timely surrender when he was in an automobile accident. He stated that he was taken to the hospital after the accident, but because he was concerned about making it to court on time, he left the hospital without treatment and walked to the courthouse on an injured foot. Defendant said he arrived at the courthouse a few hours after his scheduled time to surrender, but the courtroom where he was ordered to surrender was locked. So, after waiting outside of the courtroom for a bit, he reported to his counsel for further instructions.

The trial court treated Defendant's motion as a motion to mitigate sentence and denied the motion after a hearing. The trial court's order provides no explanation or reason for the denial. A few days later, Defendant hired new counsel, who filed a motion for rehearing of the motion to mitigate sentence and requested a hearing for the trial court to determine whether Defendant's failure to timely appear for surrender was willful. The trial court summarily denied the motion without explanation or attachments. Thereafter, Defendant filed a notice of appeal.

As an initial matter, both parties agree that we do not have jurisdiction to review an order on a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c). *See, e.g.*, *Caso v. State*, 350 So. 3d 172, 172 (Fla. 3d DCA 2022). However, we agree with Defendant's argument that we should treat his motion for rehearing and request for a hearing as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Defendant's motion was sworn and timely filed under the rule. *See Rinderer v. State*, 857 So. 2d 955, 956-57 (Fla. 4th DCA 2003); *Reaves v. State*, 970 So. 2d 484, 485 (Fla. 2d DCA 2007) (citing to *Rinderer* for the proposition "that the postconviction court has discretion to consider a sworn and facially sufficient motion under rule 3.850 even if improperly labeled as a rule 3.800 motion"). Additionally, despite the State's argument to the contrary, the relief which Defendant requests is cognizable under rule 3.850. *See Garcia v. State*, 10 So. 3d 687, 688 (Fla. 2d DCA 2009); *Clemons v. State*, 777 So. 2d 1169, 1170 (Fla. 4th DCA 2001); *Valladares v. State*, 754 So. 2d 190, 191 (Fla. 3d DCA 2000).

Considering Defendant's motion under rule 3.850, we find the trial court erred in summarily denying the motion. "[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence." *Peacock v. State*, 77 So. 3d 1285, 1288 (Fla. 4th DCA 2012) (quoting *Robinson v. State*, 946 So. 2d 565, 567 (Fla. 2d DCA

2006)). "It has been repeatedly held that it is crucial a trial court make a factual determination as to whether a defendant's failure to appear at sentencing was willful, prior to ruling on whether said absence was violative of a negotiated plea agreement." *Palmore v. State*, 82 So. 3d 1004, 1005 (Fla. 5th DCA 2011). This is because, "[i]f a defendant's failure to appear is beyond his control, 'only in the most merciless and draconian system of justice could such failure result in a forfeiture' of the bargained-for sentence." *Peacock*, 77 So. 3d at 1288 (quoting *Johnson v. State*, 501 So. 2d 158, 161 (Fla. 3d DCA 1987)). "Thus, where a defendant's failure to appear is found to be non-willful, the defendant is entitled to the bargained-for mitigation of his or her sentence." *Id.*

The State also urges us to affirm because the record does not include a transcript of the hearing on Defendant's motion to mitigate sentence. However, as Defendant correctly notes, the record on appeal of the summary denial of a motion for postconviction relief is limited under Florida Rule of Appellate Procedure 9.141(b)(2)(A). *See Levin v. State*, 298 So. 3d 681, 682 (Fla. 1st DCA 2020). Because rule 9.141(b)(2)(A)'s scope does not include a hearing transcript on a motion to mitigate sentence, Defendant is prohibited from including the transcript in the record. *See* Fla. R. App. P. 9.141(b)(2)(A). However, we are cognizant of the possibility that the trial court addressed the willfulness of Defendant's failure to timely appear at the previous hearing and may consider such a circumstance in our remand instruction.

Accordingly, we reverse and remand for the trial court to either attach record evidence conclusively demonstrating Defendant is not entitled to relief or hold an evidentiary hearing. *See Robinson*, 946 So. 2d at 567. Further, because the record before us indicates Defendant's apparent entitlement to immediate release if he is entitled to the mitigated sentence, we direct the trial court to expeditiously consider Defendant's motion. *See Cruz v. State*, 976 So. 2d 695, 698 (Fla. 4th DCA 2008).

*Reversed and remanded with instructions.*

GROSS, CONNER, and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3