PER CURIAM.
Michael S. Hilton appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He raises multiple double jeopardy concerns; only one has merit.
In Case No. 01-30054, Hilton was convicted of three counts of failure to appear when he failed to appear on only one occasion for a sentencing hearing on three crimes.
In McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983), the defendant failed to appear for a single pretrial conference involving seven cases. The defendant was charged with seven counts of failure to appear. The First District held that a defendant’s failure to appear at a single hearing can only be convicted and punished as one offense. The gravamen of the offense is the failure to appear at the scheduled place and time, not the number of offenses pending and scheduled for that particular occasion. See also Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982).
We affirm the denial of Hilton s 3.850 motion with the exception that we find that the trial court erred by summarily denying relief with respect to the three convictions for failure to appear. We grant to the trial court an opportunity on remand to attach portions of the record showing that Hilton waived the double-jeopardy argument by entering into a plea agreement for a specified sentence. See, e.g., Melvin v. State, 645 So.2d 448 (Fla.1994); Novaton v. State, 634 So.2d 607 (Fla.1994). Otherwise, the trial court is directed to vacate two of three convictions for failure to appear and to re-sentence accordingly.
AFFIRMED in part; REMANDED.
COBB, HARRIS and PETERSON, JJ., concur.