CASANUEVA, Judge.
 

 Christopher Schwingdorf pleaded no contest to three criminal offenses and successfully obtained a conditional furlough delaying his sentencing. One condition of the furlough was that he appear at his scheduled sentencing. If he violated any of the terms of the conditional furlough, he was advised and warned by the trial court that his bargained-for sentence of sixty-nine months could, and most likely would, be exceeded. Mr. Schwingdorf failed to appear for his sentencing because he was arrested and was being held in the county jail. When ultimately brought before the court, he received a sentence far in excess of the sixty-nine months. He now appeals, asserting that the greater sentence he received was improper because the State failed to establish that his failure to appear at the scheduled sentencing date was willful. The State concedes error. We agree with the parties that error occurred and reverse.
 

 Both parties concur that
 
 Neeld v. State,
 
 977 So.2d 740 (Fla. 2d DCA 2008), is controlling precedent in these circumstances. In
 
 Neeld,
 
 this court noted that “ ‘[ajrrest’ is an action by a police officer based on that officer’s evaluation of probable cause, not a willful action of the defendant.”
 
 Id.
 
 at 744 n. 6. Accordingly, the fact of his arrest, standing alone, is insufficient to establish Mr. Sehwingdorfs willful violation of the terms of the conditional furlough. Mr. Sehwingdorfs case is not legally distinguishable from
 
 Neeld,
 
 and we commend the State’s counsel for properly conceding based upon it.
 

 We therefore reverse Mr. Sehwingdorfs sentence and remand for further proceedings. On remand, the court shall hold a new sentencing hearing to determine whether Mr. Schwingdorf committed an offense in violation of his furlough agreement. In accord with
 
 Neeld,
 
 “the State need only present evidence establishing the breach by the preponderance of the evidence. This is the proof generally required to prove a violation of probation.”
 
 Id.
 
 at 745.
 

 Reversed and remanded.
 

 DAVIS and LaROSE, JJ., Concur.