DAVIS, Judge.
Clayton A. Gee, who was convicted as a habitual traffic offender of driving while his license was revoked, challenges his forty-eight-month prison sentence. After approving a negotiated plea of 364 days in county jail for this offense, the trial court deferred Gee’s sentencing date. But for reasons beyond his control — which were promptly communicated to the court — Gee was unable to appear as scheduled. When Gee did appear for sentencing, the trial court, without even considering whether his failure to appear was willful, imposed the much harsher sentence of forty-eight months in prison. The trial court abused its discretion in this regard, and the State has candidly conceded error. Therefore, we reverse and remand for imposition of the agreed-upon sentence.
If a defendant fails to timely appear for sentencing as required by a plea agreement, the trial court is not permitted to ignore the agreement and impose a harsher term unless the evidence supports a finding that the defendant’s failure to appear was willful. See Ingmire v. State, 9 So.3d 1278, 1281 (Fla. 2d DCA 2009); Robinson v. State, 946 So.2d 565, 567 (Fla. 2d DCA 2006). In this case, Gee faxed a letter that reached the court prior to the original sentencing date. In the letter, Gee explained that he was in north Florida without any funds or means of transportation and was unable to reach the person he paid to give him a ride. He further stated that he had attempted to contact his lawyer but that counsel was away from his office on an emergency. Gee specifically stated: “I was trying to request a postponement for a later date. I am not trying to avoid this and get in any more trouble. I have called everyone I can think of for help.”
When Gee did appear before the trial court for sentencing, he further explained the circumstances of his failure to appear. No one questioned his credibility, and the trial court never addressed or made findings on whether his failure to appeal was willful. Therefore, as in Ingmire, 9 So.3d at 1282, and Lowery v. State, 22 So.3d 745, 749 (Fla. 2d DCA 2009), we reverse and remand for the trial court to sentence Gee in accordance with the original plea agreement with appropriate credit for time served.
Reversed and remanded.
SILBERMAN and MORRIS, JJ„ Concur.