PER CURIAM.
 

 Appellant, Zavon Palmore, is challenging the trial court’s determination that he willfully violated the terms of his plea agreement. Because the evidence was insufficient to establish Appellant willfully failed to appear for sentencing, we reverse.
 

 Facts
 

 The State charged Appellant-with possession of crack cocaine, use of a firearm in the commission of a felony, and misdemeanor possession of marijuana. In exchange for Appellant’s guilty plea, the State agreed to seek a sentence that included a withhold of adjudication, 36 months probation, and 60 days incarceration in county jail. During a plea hearing, the trial court made its acceptance of the plea agreement contingent on Appellant’s agreement to appear at a January 11, 2011, sentencing hearing.
 

 On January 9, 2011, Appellant was arrested in a nearby county for committing new, unrelated charges. Because of his arrest and subsequent incarceration, he was unable to attend the January 11, 2011, sentencing hearing. At the rescheduled hearing, the trial court determined Appellant was no longer entitled to the sentence proposed in his negotiated plea and sentenced him to 18 months in prison. The court based the sentence on “the fact that [Appellant] failed to appear for sentencing.” The only evidence the court heard regarding Appellant’s January arrest was a statement from the State, indicating it had contacted the nearby county’s jail “and received information that on January the 9th, [Appellant] was booked into the [county jail] and was charged with burglary and grand theft.”
 

 Analysis
 

 “Where timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.”
 
 Johnson v. State,
 
 501 So.2d 158, 160-61 (Fla. 3d DCA 1987)). It has been repeatedly held that it is crucial a trial court make a factual determination as to whether a defendant’s failure to appear at sentencing was willful, prior to ruling on whether said absence was violative of a negotiated plea agreement.
 
 See Neeld v. State,
 
 977 So.2d 740, 745 (Fla. 2d DCA 2008).
 

 Here, the trial court was required to make a factual determination as to whether Appellant’s failure to appear was willful.
 
 See Id.
 
 (concluding a circuit court cannot declare that a defendant willfully violated the terms of his plea agreement in the absence of competent, substantial evidence to support such a finding);
 
 see also Walker v. State,
 
 599 So.2d 233, 234 (Fla. 3d DCA 1992) (reversing a trial court’s finding that a defendant violated the terms of his plea agreement because insufficient evidence was presented to support the finding). Instead, the court merely indicated it was sentencing Appellant to a longer prison term “[b]ased on the fact that [he] failed to appear for sentencing.”
 

 Accordingly, we reverse and remand for the trial court to make a factual determination as to whether Appellant’s failure to appear was willful.
 

 REVERSED.
 

 HAWKES, CLARK, and SWANSON, JJ., concur.