TAYLOR, J.
 

 Kate Peacock appeals her sentence of three years in prison,' arguing that the trial court erred in concluding that she forfeited her bargained-for sentence of one year and one day by willfully failing to appear for a sentencing hearing. We agree and reverse for reinstatement of the
 
 *1287
 
 original negotiated plea agreement and sentence of one year and one day.
 

 Appellant was charged with possession of oxycodone, possession of cocaine, and possession of drug paraphernalia. The State offered appellant a plea deal of one year and one day in prison, which appellant accepted.
 

 Appellant pleaded no contest to all counts. During the plea colloquy, appellant informed the court that she was taking prescription medication and that she was seeing a mental health professional in jail to treat her bipolar disorder. After finding that the plea was entered freely and voluntarily, the court adjudicated appellant guilty and initially sentenced her to one year and one day in prison on Counts I and II, and time served on Count III.
 

 Before the completion of the sentencing hearing, appellant requested a two-week furlough to put her affairs in order following the recent death of her mother. The trial court agreed to the furlough on the condition that appellant would receive a ten-year sentence, which would be mitigated to one year and one day if appellant surrendered on January 25, 2011. However, appellant failed to appear at the required date and time.
 

 On February 1, 2011, defense counsel filed a motion to reduce or modify sentence. The motion claimed that appellant was admitted to the hospital on January 25, 2011, and was not released for several days. At the hearing on appellant’s motion to reduce her sentence, the trial court was advised that appellant was hospitalized for a suicide attempt on the day she was supposed to surrender for sentencing. The court did not question that appellant’s failure to appear was the result of her suicide attempt.
 

 The trial court then asked defense counsel: “Do you have any evidence to present that ... she was prevented by something outside of her control from appearing in court at the appointed time?” Defense counsel did not present any evidence on this issue, but instead simply explained that appellant “was hospitalized that day because of a suicide attempt.” The court then asked whether appellant’s wounds were self-inflicted. When defense counsel responded that they were, the court stated, “So it wasn’t like someone else inflicted these wounds or prevented her from being here?” The prosecutor did not appear to take any position on the issue, remaining silent during the vast majority of the hearing.
 

 Although the trial court rejected defense counsel’s argument that the failure to appear was non-willful, it nonetheless agreed that a ten-year sentence would be draconian under the circumstances. The court ultimately decided to sentence appellant to three years in prison, with credit for time served.
 
 [1]
 
 This appeal follows.
 

 As a preliminary matter, we reject the State’s argument that this issue cannot be reviewed on direct appeal because appellant did not file a motion to withdraw plea. Florida appellate courts have consistently reviewed on direct appeal the issue of whether a defendant’s failure to appear at sentencing was willful, even without the filing of any prior motion to withdraw plea.
 
 See, e.g., Lowery v. State,
 
 22 So.3d 745, 747-49 (Fla. 2d DCA 2009) (rejecting argument that issue of the willfulness of the failure to appear was not preserved for appellate review where defendant did not file a motion to withdraw plea; ineffective assistance of counsel was established on face of the record and the appropriate
 
 *1288
 
 remedy was remand for enforcement of defendant’s agreed-upon plea where there was no evidence that failure to appear was willful);
 
 see also Fulton v. State,
 
 66 So.3d 950, 951 (Fla. 3d DCA 2011) (reviewing similar sentence on direct appeal).
 

 On the merits, “ ‘[wjhere timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.’ ”
 
 Robinson v. State,
 
 946 So.2d 565, 567 (Fla. 2d DCA 2006) (quoting
 
 Johnson v. State,
 
 501 So.2d 158, 160-61 (Fla. 3d DCA 1987)). If a defendant’s failure to appear is beyond his control, “only in the most merciless and draconian system of justice could such failure result in a forfeiture” of the bargained-for sentence.
 
 Johnson,
 
 501 So.2d at 161. Thus, where a defendant’s failure to appear is found to be non-willful, the defendant is entitled to the bargained-for mitigation of his or her sentence.
 
 See Garcia v. State,
 
 10 So.3d 687, 689 (Fla. 2d DCA 2009);
 
 accord Lee v. State,
 
 471 So.2d 195, 195-96 (Fla. 4th DCA 1985) (where the defendant was late for sentencing due to accidental car breakdown, the defendant was entitled to be sentenced in accord with the plea agreement because no evidence supported finding of a willful failure to appear);
 
 Fulton v. State,
 
 66 So.3d 950, 951 (Fla. 3d DCA 2011) (defendant was entitled to evidentiary hearing before a new judge to determine whether his failure to appear was willful; trial court improperly found that defendant’s failure to surrender in court at 9:00 a.m. was willful based solely on the fact that the arrest report showed that defendant was arrested almost two hours after he was supposed to have surrendered);
 
 Gee v. State,
 
 38 So.3d 806, 807 (Fla. 2d DCA 2010) (reversing for enforcement of negotiated plea of 364 days in county jail where the trial court never made findings on whether the defendant’s failure to appear was willful; defendant sent letter to trial court before sentencing to explain that he was in a different part of the state without means of transportation and no one questioned the defendant’s credibility at subsequent hearing when defendant did appear);
 
 Ingmire v. State,
 
 9 So.3d 1278, 1281-82 (Fla. 2d DCA 2009) (evidence insufficient to establish that defendant willfully failed to appear for sentencing where evidence showed that defendant’s failure to appear was a mistake in reading the date on his paperwork, the defendant did not hide or seek to leave area, and the State offered no motive why defendant would place his probationary sentence at risk by willfully failing to appear);
 
 Johnson,
 
 501 So.2d at 159-61 (defendant was entitled to mitigation where his failure to appear was due to the fact that, while on his way to report, he was arrested on a traffic charge).
 

 A trial court is required to make a factual determination as to whether a defendant’s failure to appear at sentencing was willful.
 
 Ingmire,
 
 9 So.3d at 1281-82. The burden is on the State to prove the willfulness of a defendant’s failure to appear.
 
 See id.
 
 at 1281. Furthermore, “[i]n the ‘absence of positive evidence to establish willfulness,’ reversal and remand with instructions that [the defendant] be sentenced according to the plea agreement accepted by the trial court is appropriate.”
 
 Lowery v. State,
 
 22 So.3d 745, 749 (Fla. 2d DCA 2009) (quoting
 
 Ingmire,
 
 9 So.3d. at 1282).
 

 Here, appellant’s motion to mitigate sentence sufficiently alleged a non-willful reason for her failure to appear at the sentencing. In this case, the trial court did not question that appellant was
 
 *1289
 
 hospitalized for a suicide attempt on the day she was supposed to appear for sentencing. Rather, the trial court opined that appellant’s suicide attempt constituted a willful failure to appear.
 

 The case law appears to be split on whether a suicide attempt constitutes a voluntary absence from a court proceeding.
 
 Compare, e.g., United States v. Davis,
 
 61 F.3d 291, 302-03 (5th Cir.1995) (concluding defendant who was hospitalized after attempting suicide during trial was voluntarily absent and waived right to be present at trial);
 
 People v. Price,
 
 240 P.3d 557, 560-61 (Colo.Ct.App.2010) (trial court did not err by finding that defendant had voluntarily absented himself from trial by his conduct; his suicide note reflected both that he understood the proceedings against him and purposefully determined to absent himself from trial);
 
 Finnegan v. State,
 
 764 N.W.2d 856, 862 (Minn.App. 2009) (holding that a suicide attempt can constitute a voluntary and unjustified absence from trial constituting a waiver of the right to be present);
 
 and Bottom v. State,
 
 860 S.W.2d 266, 267 (Tex.Ct.App.1993) (“The competent evidence shows Bottom was not absent because of some sudden unexpected medical emergency, but because
 
 he chose
 
 to ingest large quantities of aspirin and arthritis medication. Because Bottom
 
 chose
 
 to act in this way, his absence was voluntary.”);
 
 with United States v. Latham,
 
 874 F.2d 852, 858 (1st Cir.1989) (“It defies common sense to maintain that a sane defendant would attempt suicide to avoid a trial on drug charges. And, death is not the type of ‘voluntary absence from trial’ that concerns us.... This situation is markedly different from fleeing to avoid the trial altogether.”);
 
 and United States v. Hanhardt,
 
 361 F.3d 382 (7th Cir.2004) (trial court’s decision to impose a sentencing enhancement for obstruction based on the defendant’s absence from required court appearance, due to hospitalization for attempted suicide, was clearly erroneous),
 
 vacated on other grounds by Altobello v. United States,
 
 543 U.S. 1097, 125 S.Ct. 994, 160 L.Ed.2d 996 (2005).
 

 The State relies upon
 
 Hodges v. State,
 
 595 So.2d 929 (Fla.1992),
 
 vacated on other grounds,
 
 506 U.S. 803, 113 S.Ct. 33, 121 L.Ed.2d 6 (1992), in arguing that a suicide attempt is a willful absence from court. In
 
 Hodges,
 
 which was a death penalty case, the defendant argued on appeal that after his suicide attempt during the penalty phase of the trial, the trial court should have halted the proceedings and conducted a competency hearing rather than ruling that defendant had absented himself voluntarily and continuing with the penalty phase. The Florida Supreme Court rejected this argument, holding that the part of the proceeding that the defendant missed was not “a crucial portion of the trial where the [defendant’s] absence would have caused him undue prejudice,” and that “the trial court did not err in holding that [the defendant] voluntarily absented himself.”
 
 Id.
 
 at 933. The Florida Supreme Court also emphasized that there were no reasonable grounds to question the defendant’s competency prior to the suicide attempt.
 
 Id.
 
 at 932.
 

 The
 
 Hodges
 
 decision does not require an affirmance here. First,
 
 Hodges
 
 does not stand for the proposition that a suicide attempt always constitutes a voluntary absence as a matter of law. Second, unlike the situation in
 
 Hodges,
 
 an absence from a sentencing hearing that could increase a defendant’s sentence is undeniably prejudicial.
 

 In our view, the issue of whether a suicide attempt constitutes a willful ab
 
 *1290
 
 sence from sentencing is not susceptible to a bright-line rule, but rather is a factually intensive question that ordinarily must be addressed on a case-by-case basis. Indeed, if getting arrested or having car trouble can constitute a non-willful failure to appear for sentencing, it follows that a suicide attempt could also constitute a non-willful failure to appear.
 

 Here, nothing in the record contradicted appellant’s assertion that her failure to appear for sentencing was because she was hospitalized for a suicide attempt. The trial court never held an evidentiary hearing to make a factual determination as to the willfulness of appellant’s failure to surrender, but instead simply assumed that a suicide attempt is,
 
 ipso facto,
 
 a voluntary act. Although a suicide attempt could be deemed voluntary in some circumstances, a suicide attempt could also be an involuntary product of mental illness. In this ease, the plea colloquy confirmed that appellant had a history of mental health issues. Furthermore, although the trial court did ask defense counsel if there was any evidence that appellant was prevented from appearing at sentencing by “something outside of her control,” the State bore the burden to prove a willful failure to appear; it was not appellant’s burden to prove that her failure to appear was non-willful.
 
 See Ingmire,
 
 9 So.3d at 1281. Here, the prosecution did not prove that appellant’s failure to appear was willful, nor did the prosecution even request an opportunity to present evidence on the issue.
 

 Because appellant alleged a facially sufficient non-willful reason for her failure to appear and the prosecution did not prove that appellant’s failure to appear was willful, we reverse the three-year sentence and remand for reinstatement of the original negotiated sentence of one year and one day.
 

 Reversed and Remanded,.
 

 POLEN AND HAZOURI, JJ., concur.
 

 [1]
 

 . To the extent that appellant’s initial brief challenges the amount of jail credit awarded, we find that this issue was not preserved below.