KHOUZAM, Judge.
Michelle Thompson appeals the summary denial of her motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
On August 5, 2011, Thompson entered a negotiated plea to the offense of offering to commit prostitution. The plea agreement provided that she would be sentenced to 120 days in county jail, contingent on her appearance at the sentencing hearing. The sentencing hearing was set for August 23 at 8:30 a.m. When Thompson did not appear by 9:00 a.m. on that date, the court sentenced her in absentia to five years in prison. Though Thompson’s counsel did not formally object to the sentence, the court repeatedly stated that it would be happy to reconsider the sentence after counsel had spoken to Thompson. Thompson was later taken into custody, and at first appearance on September 10, 2011, she was ordered to start serving her five-year sentence.
*1228 On September 23, 2011, Thompson’s attorney filed a motion to mitigate or modify sentence, alleging that Thompson’s failure to appear at the sentencing hearing was not willful. Counsel had spoken to Thompson on September 16, 2011. Thompson told her that she relies on public transportation, that the bus was late the day of the hearing, and that the bailiff would not allow her to enter the courtroom when she arrived. A hearing on the motion to modify was held on October 4, 2011. Apparently Thompson was not present, and consequently the court denied the motion without prejudice “to reconsider w[ith] evidence.” Thompson’s attorney did not request another hearing. Thompson did not file a direct appeal.[1]
On December 19, 2012, Thompson filed a rule 3.850 motion, alleging her attorney was ineffective for failing to (1) object when the trial court sentenced her in ab-sentia to five years in prison and (2) argue that the trial court erroneously neglected to find Thompson’s failure to appear was willful. Thompson alleged that she was prejudiced by her trial counsel’s deficient performance because her failure to appear was not willful and, had the objection and argument been made, she would instead have served the lesser sentence as outlined in her negotiated plea.
To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel’s performance was deficient and that counsel’s errors prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On summary postcon-viction appeal, “unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.” Fla. R. App. P. 9.141(b)(2)(D).
As to the allegation that counsel failed to formally object at sentencing, no relief is warranted because a review of the hearing transcript indicates that no objection was necessary or appropriate. The trial court offered to reconsider the sentence once Thompson was available again; under this circumstance an objection would have served no purpose. And even if counsel’s performance was deficient, Thompson cannot establish that she was prejudiced by the failure to make a formal objection at sentencing.
But Thompson’s second argument — that counsel failed to argue the willfulness issue — is not conclusively refuted by the record. Though counsel did file a motion to mitigate or modify sentence stating that she had been “advised that [Thompson’s] failure to appear at disposition was not willful,” the motion did not include any argument or supporting evidence. The transcript of the hearing on that motion is not part of the appellate record, but the order denying the motion clearly states that it was denied without prejudice “to reconsider w[ith] evidence.” There is no indication in the record that counsel ever followed up on the issue. Accordingly, nothing in the appellate record refutes Thompson’s claim that her trial counsel failed to argue the issue of willfulness.
Though counsel may have made the strategic decision not to pursue the claim if she believed it was meritless, there is no evidence in the appellate record (aside from Thompson’s own assertions) to indicate whether Thompson’s failure to appear was actually willful or not. If Thompson’s *1229 failure to appear was not willful, she may have been prejudiced by counsel’s failure to pursue this claim. See, e.g., Gee v. State, 38 So.3d 806, 807 (Fla. 2d DCA 2010) (“If a defendant fails to timely appear for sentencing as required by a plea agreement, the trial court is not permitted to ignore the agreement and impose a harsher term unless the evidence supports a finding that the defendant’s failure to appear was willful.”).
Because Thompson’s assertions are not conclusively refuted by the record, we reverse and remand for an evidentiary hearing addressing her claim that trial counsel failed to argue the issue of willfulness.
Reversed and remanded with directions.
CASANUEVA and MORRIS, JJ., Concur.

. No motion to withdraw plea was filed to preserve Thompson's claim for direct appeal. See Fla. R. App. P. 9.140(b)(2)(A)(ii).