WALLACE, Judge.
James A. Hawkins appeals his judgments and sentences imposed in five separate cases following his negotiated pleas of no contest. Because the circuit court erred in ruling that Mr. Hawkins willfully violated his furlough agreement by failing to appear for sentencing on account of an arrest in another county, we reverse the sentences imposed and remand for resen-tencing in accordance with the plea agreement.
I. THE FACTS AND PROCEDURAL BACKGROUND
Initially, the State charged Mr. Hawkins in three separate informations with the offense of uttering a forged instrument. Mr. Hawkins allegedly committed the three offenses in July 2011. Later, the State filed two separate informations charging Mr. Hawkins with the failure to appear for pretrial conferences on December 2, 2011. The offenses in the two infor-mations for failure to appear overlapped. One information charged Mr. Hawkins with the failure to appear on December 2, 2011, in two of the uttering cases. The other information charged Mr. Hawkins with the failure to appear on the same day in all three of the uttering cases.[1]
*1198 On February 3, 2012, Mr. Hawkins entered negotiated pleas of no contest to the three counts of uttering a forged instrument and the two counts of failing to appear as charged in the five informations. The pleas were entered with the understanding that Mr. Hawkins would be sentenced on each of the five charges to one year in the county jail. The sentences were to run concurrently. In addition, Mr. Hawkins agreed to pay restitution to the victims on the uttering charges. As part of the plea bargain, Mr. Hawkins was to be furloughed for six weeks to give him an opportunity to raise the money to pay the required restitution. If he paid the restitution amounts due before sentencing, then the sentences were to be for time served only. When Mr. Hawkins entered his plea, the circuit court informed him that if he failed to appear for sentencing as scheduled or was arrested on a new charge, he would be facing sentences totaling twenty-five years in the state prison.
During his furlough, Mr. Hawkins was arrested on new charges of robbery and attempted robbery in Orange County. As a result, he was unable to return for sentencing in Pinellas County as scheduled on March 23, 2012. Later, Mr. Hawkins moved to withdraw his pleas on the grounds that he had not been furloughed on Friday, February 3, 2012, the day that he entered his no contest pleas. Instead, he was not released until the following Monday, February 6. Mr. Hawkins maintained that the delay in obtaining his release had made it impossible for him to collect the funds to pay the required restitution to his victims. The circuit court denied the motion to withdraw pleas.
At the sentencing hearing held on September 4, 2012, the circuit court noted that Mr. Hawkins had' violated the terms of his plea agreement by being arrested on new charges in Orange County. For this reason, the circuit court sentenced him to five years in prison on each of the pending charges. The circuit court designated the sentences to run concurrently.
On October 1, 2012, the circuit court held a hearing on a motion filed by Mr. Hawkins for the reconsideration of his sentences. By then, the State had nolle prossed the Orange County charges. Based on this change in circumstances, the circuit court granted the motion to reconsider the sentences and reduced the sentences from five years to thirty months in the state prison. Once again, the circuit court designated the sentences to run concurrently. This appeal followed.
II. MR. HAWKINS’ APPELLATE ARGUMENTS
On appeal, Mr. Hawkins makes three arguments. First, the circuit court’s acceptance of his pleas to two counts of failure to appear violated double jeopardy when the limited facts recited at the hearing on the change of pleas reflect that his failure to appear was not willful and when the charges stemmed from the same event. Second, the sentences imposed in excess of the one-year negotiated sentences were in error when Mr. Hawkins’ failure to appear for sentencing was not willful. Third, the circuit court erred in denying Mr. Hawkins’ motion to "withdraw his pleas because the sheriffs failure to release him from jail on the Friday when he entered his pleas and continued detention until the following Monday violated the plea agreement. Mr. Hawkins’ third argument is without merit and does not warrant further discussion. We turn now to a-discussion of his first two arguments.
III. DISCUSSION
A. The Double Jeopardy Argument.
It appears that Mr. Hawkins’ convictions on two offenses for failure to ap *1199 pear for pretrial on December 2, 2011, violate double jeopardy because both offenses are based upon his failure to appear at a single pretrial conference. See Hilton v. State, 832 So.2d 923, 924 (Fla. 5th DCA 2002) (“The gravamen of the offense is the failure to appear at the scheduled place and time, not the number of offenses pending and scheduled for that particular occasion”). However, we agree with the State’s argument that Mr. Hawkins waived his double jeopardy argument by entering into negotiated pleas to both charges and then failing to raise the issue in his motion to withdraw pleas.
“As a general rule, a negotiated plea and sentence precludes an appeal of convictions and sentences on double jeopardy grounds.” Long v. State, 678 So.2d 925, 927 (Fla. 1st DCA 1996); see also Rosado v. State, 867 So.2d 440, 442 (Fla. 4th DCA 2004) (“[Ejven fundamental errors such as double jeopardy may be waived when the dual conviction arises from a negotiated plea agreement”). “There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.” Long, 678 So.2d at 927. Here, the exception to the rule does not apply because Mr. Hawkins negotiated his pleas in exchange for specific sentences. It follows that Mr. Hawkins waived his double jeopardy argument.
Similarly, Mr. Hawkins’ entry of the no contest pleas constituted his acceptance that the underlying facts established a willful failure to appear, thereby barring his challenge to his convictions based upon the sufficiency of the evidence on appeal when he did not object or seek to withdraw his pleas on that basis. See D.P.J. v. State, 779 So.2d 291 (Fla. 2d DCA 1998); see also Brawley v. State, 815 So.2d 789 (Fla. 4th DCA 2002). Accordingly, we find no reversible error on Mr. Hawkins’ first argument.
B. The Failure to Appear for Sentencing While on Furlough.
Mr. Hawkins’ furlough arrangement required that he avoid arrest on any new charges and that he appear for sentencing on March 23, 2012. At Mr. Hawkins’ sentencing on September 4, 2012, the State indicated that it was not pursuing sentences in excess of the plea agreement based upon Mr. Hawkins’ arrest on new charges in violation of his furlough agreement. Accordingly, it did not put on any evidence about the facts surrounding Mr. Hawkins’ arrest in Orange County. Rather, the State pursued increased sentences based upon Mr. Hawkins’ failure to appear for sentencing on March 23, 2012, as required by his furlough agreement. Mr. Hawkins’ defense was that his failure to appear was not willful because he was involuntarily placed under arrest in Orange County and was unable to appear on the scheduled date.
As articulated by the circuit court, the State’s position was that “[h]ad [Mr. Hawkins] not gotten arrested on new charges, which is a voluntary volitional act, he would have been able and available to appear for sentencing.” The circuit court found Mr. Hawkins in willful violation of the furlough agreement, and it ultimately sentenced him to thirty months’ prison on all of the outstanding charges. The resulting thirty-month sentence substantially exceeded the one-year county jail term provided for in the plea agreement.
We agree with Mr. Hawkins that the circuit court erred in concluding that he willfully violated his furlough agreement by failing to appear for sentencing as a result of his arrest.
*1200 “Where timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.” Johnson v. State, 501 So.2d 158, 160-61 (Fla. 3d DCA 1987).... [I]t is crucial [that] a trial court make a factual determination as to whether a defendant’s failure to appear at sentencing was willful, prior to ruling on whether said absence was violative of a negotiated plea agreement. See Neeld v. State, 977 So.2d 740, 745 (Fla. 2d DCA 2008).
Palmore v. State, 82 So.3d 1004, 1005 (Fla. 1st DCA 2011); see also Gee v. State, 38 So.3d 806, 807 (Fla. 2d DCA 2010) (noting same); Peacock v. State, 77 So.3d 1285, 1288 (Fla. 4th DCA 2012) (noting same).
If a defendant’s failure to appear is beyond his control, only in the most merciless and draconian system of justice could such failure result in a forfeiture of the bargained-for sentence. Thus, where a defendant’s failure to appear is found to be non-willful, the defendant is entitled to the bargained-for mitigation of his or her sentence.
Peacock, 77 So.3d at 1288 (citation omitted) (internal quotation marks omitted).
Here, the trial court found that Mr. Hawkins’ arrest was a “voluntary volitional act” that prevented him from appearing at his sentencing. But this court has observed that an “ ‘[ajrrest’ is an action by a police officer based on that officer’s evaluation of probable cause, not a willful action of the defendant.” Neeld v. State, 977 So.2d 740, 744 n. 6 (Fla. 2d DCA 2008); see also Schwingdorf v. State, 16 So.3d 835, 836 (Fla. 2d DCA 2009) (quoting Neeld for the foregoing proposition). Thus a defendant’s “arrest, standing alone, is insufficient to establish [his] willful violation of’ a furlough agreement conditioned on his appearance at sentencing when the arrest prevents the defendant from attending.[2] Schwingdorf, 16 So.3d at 836.
In addition, the State waived any argument that Mr. Hawkins had violated his furlough agreement based upon his arrest on new charges and elected to pursue an enhanced sentence on the sole ground of Mr. Hawkins’ failure to appear for sentencing. Thus, unlike what this court did in Schwingdorf, we need not remand for the circuit court to determine whether Mr. Hawkins violated his furlough agreement based upon his arrest on new offenses. As noted above, the record reflects that the State ultimately nolle prossed all of the new charges.
IV. CONCLUSION
For the foregoing reasons, we affirm the judgments but reverse the sentences imposed on Mr. Hawkins. We remand for the circuit court to resentence Mr. Hawkins in accordance with the terms of the plea agreement. Because it appears that Mr. Hawkins will be entitled to immediate release from custody upon resentencing, the circuit court is directed to expedite this matter on remand.
Affirmed in part, reversed in part, and remanded for resentencing.
KELLY and CRENSHAW, JJ., Concur.

. The two informations for failure to appear on December 2, 2011, do not identify the cases for which Mr. Hawkins failed to appear. We base our conclusions on the two clerk's witness affidavits issued with the informa-tions. One of the witness affidavits asserts that Mr. Hawkins failed to appear on December 2 on two of the uttering cases; the other witness affidavit asserts that Mr. Hawkins failed to appear on the same day in all three cases.

. We reject the State's argument that this issue was not preserved for appellate review.