IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEVEN CURTIS RICHARDSON,

     Appellant,

v.                                                                    Case No. 5D15-4131

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 19, 2016

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     Steven Curtis Richardson was charged by the State of Florida with committing

burglary of a dwelling; three counts of dealing in stolen property; grand theft; and three

counts of receiving money from a pawnbroker by false verification of ownership or

identification. Richardson failed to appear for trial, and the trial court issued a capias for

his arrest. Shortly thereafter, Richardson entered into a plea agreement with the State that included, *inter alia*, the State filing a nolle prosequi on the burglary and grand theft charges and Richardson pleading guilty to the remaining charges. The plea agreement called for Richardson to serve one year in the county jail, followed by two years of probation on these charges, with his sentences running concurrently. The parties further agreed that sentencing would be deferred for approximately one week so that Richardson could spend time with his ailing mother. The trial court accepted the plea.

Richardson failed to appear at the sentencing hearing. The court proceeded to sentence Richardson in absentia, imposing a significant prison term for five of the six counts, followed by five years of probation on the remaining count, and issued a warrant for Richardson's arrest. Ten days later, Richardson was located and arrested at an apartment complex in Winter Garden. Richardson thereafter filed a motion to withdraw his plea of guilty or, in the alternative, to modify his prison sentence to the terms of his sentence set forth in the plea agreement. The trial court denied the motion without a hearing.

Richardson's only argument on appeal is that the trial court erred in sentencing him in absentia to an enhanced sentence without finding that his failure to appear for sentencing was willful.

Initially, we conclude that the trial court correctly denied Richardson's motion to withdraw his plea. In paragraph 21 of his plea agreement, Richardson expressly agreed that if the court permitted him to remain at liberty pending sentencing, he would timely appear in court on the day of sentencing. Richardson further agreed that if he violated this condition, he would not be allowed to set aside his plea and that the court could

2

sentence him up to the total maximum sentence permitted by law.[1]  At the change of plea hearing, Richardson also testified that he understood and agreed with these conditions.

Nevertheless, we find that the trial court erred when it imposed the enhanced sentence without making a factual determination or finding as to whether Richardson's failure to appear at sentencing was willful.  *See Ingmire v. State*, 9 So. 3d 1278, 1281–82 (Fla. 2d DCA 2009).  "[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence."  *Robinson v. State*, 946 So. 2d 565, 567 (Fla. 2d DCA 2006) (quoting *Johnson v. State*, 501 So. 2d 158, 160–61 (Fla. 3d DCA 1987)).

Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing to make a factual determination as to whether Richardson's failure to appear at his sentencing was willful.  At this hearing, the State bears the burden of proving by a preponderance of the evidence that Richardson willfully failed to appear.  *See Peacock v. State*, 77 So. 3d 1285, 1288 (Fla. 4th DCA 2012) (citing *Ingmire*, 9 So. 3d at 1281).  If the State fails to establish willfulness, then Richardson should be sentenced in accordance with the terms of the plea agreement previously accepted by the trial court.  *See Lowery v. State*, 22 So. 3d 745, 749 (Fla. 2d DCA 2009).

REVERSED and REMANDED.

TORPY, PALMER and LAMBERT, JJ., concur.

---

[1] Richardson's plea agreement is known as a "Quarterman" agreement.  *See Quarterman v. State*, 527 So. 2d 1380 (Fla. 1988) (holding that where a furlough and an enhanced sentence for failure to appear in court at a later time are part of the plea agreement, a court is justified in imposing the enhanced sentence after the defendant fails to appear in court, without giving him an opportunity to withdraw his plea).