NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES HOWELL, DOC #T59017,　　　）
　　　　　　　　　　　　　　　　）
　　　　　　Appellant,　　　　　）
　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　）　　　Case No.  2D17-1319
　　　　　　　　　　　　　　　　）
STATE OF FLORIDA,　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　Appellee.　　　　　　）
_____）

Opinion filed June 29, 2018.

Appeal from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

　　　　James Howell appeals his convictions and sentences in case numbers 16-

CF-15091 and 16-CF-14375 after entering an open plea of guilty.  We affirm his

judgments in both case numbers, but because there was no evidence that Howell

willfully violated the terms of his sentencing agreement, we reverse his sentences and remand for the trial court to resentence Howell to his agreed upon sentence.

At his plea hearing, Howell indicated that he would like to enter an open plea to the court and accept the trial court's offer of a year and a day in prison; however, Howell also requested a two-week furlough to get his affairs in order and pay off his restitution. The State did not participate in this agreement, stating that it would defer entirely to the court. The court reminded Howell that he was entering an open plea and cautioned him that if he failed to appear for sentencing or was arrested on new charges, it would impose the maximum sentence. Howell acknowledged this sentencing condition and entered his plea. He did not timely appear for sentencing.

Howell turned himself in six days after his scheduled sentencing hearing. He apologized to the trial court for his failure to appear, explaining that he missed his hearing date because he was stranded in Orlando. He told the court that he had agreed with his employer to work in Orlando the weekend before his sentencing hearing, that his employer had promised to drive him back for the hearing, and that his employer was ultimately unable to drive him back when the job took longer than he anticipated. Because Howell was not paid until the job was complete, he had no money to arrange for alternative transportation home. He stated that he called his bondsperson and that his mother attempted to reach his lawyer when he realized he would not be able to make it to the hearing. Upon returning from the job in Orlando, he paid his restitution and bondsperson and then he turned himself in. He brought paperwork to the hearing reflecting that his restitution had been satisfied. The trial court disapproved of Howell's decision to take a job in Orlando so close to his sentencing date, finding that Howell

willfully violated his sentencing agreement and sentencing him to a total of five years' prison in both case numbers.

On appeal, Howell argues that the trial court erred by imposing sentences that did not adhere to the terms of his deferred sentencing agreement when there was no evidence that his failure to appear was willful. We agree.

Howell's sentencing agreement with the trial court was similar to a Quarterman[1] agreement, whereby a "defendant agrees that if he does not appear for sentencing at the agreed upon time and place, the trial court can sentence the defendant to any lawful sentence." See Neeld v. State, 977 So. 2d 740, 743 (Fla. 2d DCA 2008). This court has explained that "a non-willful failure to appear will not vitiate [such an] agreement and permit the trial court to impose some greater sentence." Hawkins v. State, 138 So. 3d 1196, 1200 (Fla. 2d DCA 2014) (quoting Palmore v. State, 82 So. 3d 1004, 1005 (Fla. 1st DCA 2011)). And "[w]here a defendant's failure to appear is found to be non-willful, the defendant is entitled to the bargained-for mitigation of his or her sentence." Id. (quoting Peacock v. State, 77 So. 3d 1285, 1288 (Fla. 4th DCA 2012)). Our review of the trial court's factual determination as to whether Howell's failure to appear was willful is for competent substantial evidence. Ingmire v. State, 9 So. 3d 1278, 1281 (Fla. 2d DCA 2009).

In this case, the only evidence before the court was Howell's statements and the documentation showing that he had fully satisfied the restitution ordered in his cases. There was no evidence that Howell intentionally failed to appear in court as ordered or that his absence was a result of anything other than factors beyond his

---

[1]Quarterman v. State, 527 So. 2d 1380 (Fla. 1988).

- 3 -

control. As in Ingmire, Howell "can be criticized for not contacting the appropriate authority or for failing to immediately turn himself over to law enforcement, but . . . all of the relevant evidence established below is consistent with a person who simply erred and compounded the error through well-intended but improper action." Id. at 1282. Accordingly, the trial court erred in concluding that Howell willfully violated his furlough agreement by failing to appear.

The State contends that this court lacks jurisdiction because Howell failed to properly preserve this issue by filing a motion to withdraw plea. See Fisher v. State, 35 So. 3d 143, 144 (Fla. 2d DCA 2010) (citing Fla. R. App. P. 9.140(b)(2)(A)(ii)(b)). However, in this case there was no plea agreement with the State. Here, the trial court discussed potential sentences with Howell upon his request and entered into a sentencing agreement without the State's participation or objection. See, e.g., State v. McMahon, 94 So. 3d 468, 476 (Fla. 2012). An open plea with the court, even when it includes the promise of a particular sentence, is not a bargained for agreement or contract with the State. See State v. Warner, 762 So. 2d 507, 514 (Fla. 2000); State v. Pita, 54 So. 3d 557, 560 (Fla. 3d DCA 2011) (distinguishing "a situation where the defendant enters an open plea with the court with the promise by the trial court that it will impose a particular sentence" from a plea bargain, which " 'contemplates an "agreement" between the [S]tate and the defendant which is approved by the court' " (quoting State v. Beck, 763 So. 2d 506, 508 (Fla. 4th DCA 2000), disagreed with on other grounds by State v. Van Bebber, 848 So. 2d 1046 (Fla. 2003))). Howell's objection to a sentence in excess of the sentencing agreement based on his specific argument that his failure to appear was not willful was sufficient to preserve the alleged

error in this case.  See Gore v. State, 964 So. 2d 1257, 1265 (Fla. 2007) ("To preserve error for appellate review, the general rule is a contemporaneous, specific objection must occur during trial at the time of the alleged error."); see also Peacock, 77 So. 3d at 1287 ("Florida appellate courts have consistently reviewed on direct appeal the issue of whether a defendant's failure to appear at sentencing was willful, even without the filing of any prior motion to withdraw plea.").

Accordingly, we affirm Howell's judgments in both case numbers; however, "[i]n the 'absence of positive evidence to establish willfulness,' reversal and remand with instructions that [Howell] be sentenced according to the [sentencing] agreement accepted by the trial court is appropriate."  Lowery v. State, 22 So. 3d 745, 749 (Fla. 2d DCA 2009) (quoting Ingmire, 9 So. 3d at 1282).  Because it appears that Howell will be entitled to immediate release upon resentencing, we also direct the trial court to expedite this case on remand.

Reversed and remanded with instructions.

CASANUEVA, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.

SILBERMAN, Judge, Specially concurring.

I concur in the result reached by the majority. The State did not contend that Howell's failure to appear was willful and did not challenge Howell's explanation as to the reason for his failure to appear on the specified date. Further, the trial court did not make a finding that his failure to appear was willful. The trial court simply stated that Howell made bad decisions by not appearing in court. Under these circumstances, I agree that reversal is required. See Gee v. State, 38 So. 3d 806, 807 (Fla. 2d DCA 2010).