# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1586

_____

BRYAN ANTHONY COOPER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

July 25, 2018

OSTERHAUS, J.

Bryan Anthony Cooper appeals his 60-month sentence for felony battery. He argues that the trial court erred by not determining whether he willfully failed to appear at a sentencing hearing before departing from the 22-month plea deal. We affirm because Mr. Cooper failed to preserve this argument below.

After the State charged Mr. Cooper for crimes associated with stabbing and hitting another person in the head with a metal pipe, he accepted a plea offer of 22 months incarceration on a felony battery charge. The trial court set Mr. Cooper's sentencing hearing for a later date and told him that if he didn't show, his sentence would be at the court's discretion. He then failed to appear at the scheduled sentencing hearing. After his subsequent arrest, Mr.

Cooper appeared back before the trial court, whereupon he was sentenced to 60 months. The trial court acknowledged that if Mr. Cooper would have appeared, he would have gotten the 22 months under the plea deal. But because he failed to appear and provided no explanation for failing to appear, the court increased his sentence. At no time did Mr. Cooper object to the sentence below.

Mr. Cooper argues now that we must reverse because the trial court increased his sentence without expressly determining whether his failure to appear was willful. In *Palmore v. State*, we recognized that a non-willful failure to appear doesn't vitiate a plea agreement, nor allow the trial court to impose a greater sentence. 82 So. 3d 1004, 1005 (Fla. 1st DCA 2011). To increase a sentence, we held that the trial court must make a factual determination as to whether a defendant's failure to appear was willful. *Id.* That case, however, did not involve a defendant who failed to offer any justification for his failure to appear or object to his sentence. The trial court warned the defendant here that he would abide by the plea deal provided that Mr. Cooper showed up for sentencing and didn't violate his bond conditions. Mr. Cooper then didn't show up for sentencing. Upon his later arrest and appearance at the subsequently set sentencing hearing, Mr. Cooper offered no justification for his failure to appear. *See Neeld v. State*, 977 So. 2d 740, 744 (Fla. 2d DCA 2008) ("Unless the defendant has some reasonable explanation or justification for the failure to appear, the trial court can use its discretion to impose an appropriate, lawful sentence."). The trial court inquired whether Mr. Cooper was contesting the failure to appear, but in response received no explanation or objection to moving forward with the sentencing. When the court sentenced Mr. Cooper to 60 months, instead of the 22 months reflected in the plea deal, Mr. Cooper still did not object or explain his failure to appear. Even now, Mr. Cooper's brief in this court offers no explanation for his failure to appear. Under these circumstances, we find no error in the trial court's work.

AFFIRMED.

WETHERELL and RAY, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.

3