DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

FRANCES HERNANDEZ MATOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2501
_____

October 16, 2024

Appeal from the County Court for Pasco County; Anne Wansboro, Judge.

Howard L. Dimmig, II, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Lara E. Breslow, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Frances Hernandez Matos challenges her 300-day county jail sentence entered after she failed to appear at sentencing. As the State correctly concedes, the trial court erred in imposing a harsher sentence than agreed to in the negotiated plea. We therefore reverse.

Matos entered a no-contest plea to battery, and she and the State agreed to a sentence of thirty days in county jail. But after entering into

a *Quarterman*[1] agreement and receiving a furlough to make arrangements for her pets, vehicle, job, and medications, she failed to appear for her originally scheduled sentencing, and a capias was issued.

At the subsequent sentencing hearing, Matos explained that on September 13, 2023—the day she had entered her plea—she had almost committed suicide and had been involuntarily committed through September 18 for mental health issues. Then, on September 23, 2023— the day of her original sentencing hearing—her boyfriend had broken up with her and had left her on the side of the road. When she returned home, she had found her pets and personal items outside.

Matos said that she had then gone to the New Port Richey Police Department because she had not felt safe reclaiming her personal items and was suicidal. She had told the police officer of her suicidal ideations, and she also had told him that she was scheduled to be sentenced that day. The officer had advised Matos to "obtain a Baker Act," and she had done so, ultimately leading her to hospitalization that same day. Matos said that she had informed both the hospital staff and her bail bondsman that a warrant had been issued for her arrest.

Matos presented computer assisted dispatch (CAD) reports indicating that on the day of her original sentencing hearing, the New Port Richey Police Department had responded to her residence four times. A note in the CAD report indicated further that Matos had been taken to a hospital. The trial court, however, did not permit Matos to

---

[1] In a "*Quarterman*" agreement a defendant agrees to a "specific sentence with the caveat that the trial court could impose any greater lawful sentence if he or she" does not appear at sentencing. *Neeld v. State*, 977 So. 2d 740, 743 (Fla. 2d DCA 2008) (discussing *Quarterman v. State*, 527 So. 2d 1380 (Fla. 1988)).

2

testify under oath regarding the events of that day, and without making any factual findings, the court sentenced Matos to 300 days in jail.

This court has held that "a non-willful failure to appear will not vitiate the [plea] agreement and permit the trial court to impose some greater sentence." *Hawkins v. State*, 138 So. 3d 1196, 1200 (Fla. 2d DCA 2014) (quoting *Palmore v. State*, 82 So. 3d 1004, 1005 (Fla. 1st DCA 2011)). The trial court must make a factual determination as to whether the failure to appear was willful. *Palmore*, 82 So. 3d at 1005. If the failure to appear is not willful, the trial court must sentence the defendant to the bargained-for sentence. *Garcia v. State*, 10 So. 3d 687, 689 (Fla. 2d DCA 2009).

Here, nothing in the record contradicts Matos's explanation that she missed her originally scheduled sentencing hearing because she was suicidal, had sought help, and had been hospitalized that day. Given the lack of evidence that her failure to appear was willful and of any findings by the trial court as to willfulness, we agree with the State's concession that the court erred in imposing a longer sentence than called for in the plea agreement. We therefore reverse and remand for the court to resentence Matos in accordance with the plea agreement and with appropriate credit for time served. *See Hawkins*, 138 So. 3d at 1200 (reversing and remanding for resentencing in accordance with the plea agreement where the trial court erred in finding that the defendant's failure to appear was willful); *Gee v. State*, 38 So. 3d 806, 807 (Fla. 2d DCA 2010) (reversing and remanding for resentencing in accordance with the plea agreement where the defendant explained his failure to appear, "[n]o one questioned his credibility, and the trial court never addressed or made findings as to whether his failure to appear was willful").

Reversed and remanded with directions.

LaROSE, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.